

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JEFFERY JAMES SELNER,<br><br>Debtor. | Case No.: 25-00740<br>Chapter 7<br><br>Related: ECF 42 |

## MEMORANDUM OF DECISION ON ATTORNEYS' FEES REQUESTED BY FIRST HAWAIIAN BANK

This decision addresses the attorneys' fees claimed by First Hawaiian

Bank ("FHB").

The trustee moved the court to approve a sale of the subject property,

to pay closing costs and real estate commissions, and to hold the remaining

sale proceeds subject to further court order. The motion did not seek

authority to pay the senior secured claim of FHB or a junior secured claim

1

U.S. Bankruptcy Court - Hawaii   #25-00740   Dkt # 60   Filed  05/12/26   Page 1 of 3

of the Shiromas because there were unanswered questions about those claims. No one filed an objection to the motion, and the court granted it.

Counsel for the trustee and FHB had fruitless and increasingly acrimonious discussions about FHB's claims. The Shiromas demanded detailed information about FHB's claims and were dissatisfied with FHB's response. FHB therefore filed a motion for payment of its claim.

Mr. Selner initially objected to the motion, but he withdrew that objection after FHB provided additional information.

The Shiromas object to FHB's claim on a wide variety of grounds. But they lack standing to assert those objections. They have entered into a settlement with the trustee that fixes the amount of their claims and provides for full payment. Accordingly, they have no economic stake of their own in the amount of FHB's claims. They contend that they are attempting to act in Mr. Selner's interest because he is their friend. But Mr. Selner has an attorney and is more than capable of protecting his own interests. Moreover, the Shiromas' objections have hurt Mr. Selner by increasing FHB's attorneys' fees and reducing Mr. Selner's net recovery.

2

U.S. Bankruptcy Court - Hawaii   #25-00740   Dkt # 60   Filed  05/12/26   Page 2 of 3

The trustee objects to a portion of FHB's attorneys' fees, contending that FHB could have provided a payoff figure to escrow and been paid at closing, obviating FHB's motion. It is true that FHB probably could have been paid sooner and at less expense if it had provided a payoff figure more promptly. But some legal work still would have been necessary to obtain a court order authorizing payment. Further, the Shiromas probably would have objected to any agreement between the trustee and FHB, necessitating additional attorneys' fees. Moreover, Mr. Selner is the only party with a real stake in FHB's fees because the estate is solvent and only he will bear those fees, and he no longer objects. The trustee's effort to protect all parties, including the debtor, is commendable, but in this unusual case it is unnecessary.

I have carefully reviewed the timesheets and billing records of FHB and I find that all of the services were necessary and reasonable under the circumstances of this case. Accordingly, FHB is entitled to recover attorneys' fees and costs in the amount of $14,102.09.

**END OF ORDER**

3

U.S. Bankruptcy Court - Hawaii   #25-00740   Dkt # 60   Filed  05/12/26   Page 3 of 3